UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SENTRY DATA SYSTEMS, INC.,

Plaintiff,

v.

CVS HEALTH, CVS PHARMACY, INC., WELLPARTNER INC., and WELLPARTNER, LLC,

Defendants.

CASE NO. 18-cv-60257

**MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS AS TO CVS HEALTH AND WELLPARTNER, INC.**

# TABLE OF CONTENTS


**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. WELLPARTNER, INC. IS NOT A DISTINCT ENTITY ..... 1

II. THE COURT LACKS PERSONAL JURISDICTION OVER CVS HEALTH ..... 1

A. CVS Health is Not Subject to General Jurisdiction in Florida ..... 2

B. CVS Health is Not Subject to Specific Jurisdiction in Florida ..... 4

C. CVS Health's Relationship with CVS Pharmacy Does Not Create Personal Jurisdiction over CVS Health ..... 4

III. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CVS HEALTH ..... 5

CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aronson v. Celebrity Cruises, Inc.*,
30 F. Supp. 3d 1379 (S.D. Fla. 2014) ....................3

*Ash v. Royal Caribbean Cruises, Ltd.*,
991 F. Supp. 2d 1214 (S.D. Fla. 2013) ....................2

*Callum v. CVS Health Corp.*,
137 F. Supp. 3d 817 (D.S.C. 2015)....................3

*Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*,
No. 17-cv-22462-UU, 2018 U.S. Dist. LEXIS 16702 (S.D. Fla. Jan. 31, 2018)....................5

*Consolidated Development Corp. v. Sherritt, Inc.*,
216 F.3d 1286 (11th Cir. 2000) ....................6

*Corcoran v. CVS Health Corp.*,
169 F. Supp. 3d 970 (N.D. Cal. 2016) ....................4

*Exhibit Icons, LLC v. XP Cos., LLC*,
609 F. Supp. 2d 1282 (S.D. Fla. 2009) ....................3

*Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*,
326 U.S. 310 (1945)....................2

*Joseph v. Bernstein*,
612 Fed. App'x. 551 (11th Cir. 2015) ....................5

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
288 F.3d 1264 (11th Cir. 2002) ....................4, 5

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
558 F.3d 1210 (11th Cir. 2009) ....................2

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*,
447 F.3d 1357 (11th Cir. 2006) ....................3, 4

*United States v. Bestfoods*,
524 U.S. 51 (1998)....................4

## Statutes

Fla. Stat. 48.193 ....................3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) and (3)....................1

Federal Rules of Civil Procedure 8....................1, 5

Federal Rules of Civil Procedure 9(b)....................1

Federal Rules of Civil Procedure 12(b)(1)....................1

Federal Rules of Civil Procedure 12(b)(2)....................1

Federal Rules of Civil Procedure 12(b)(6)....................1

## INTRODUCTION

Defendants CVS Health Corporation ("CVS Health"),[1] a holding company and the parent of Defendant CVS Pharmacy, Inc. ("CVS Pharmacy"), and Wellpartner, Inc., move separately to dismiss with prejudice[2] all claims against them because (1) Wellpartner Inc. is no longer a separate entity, (2) Sentry has failed to establish personal jurisdiction over CVS Health under Federal Rule of Civil Procedure 12(b)(2) and (3) Sentry has failed to allege facts sufficient to state a claim against CVS Health under Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6).

## ARGUMENT

### I. WELLPARTNER, INC. IS NOT A DISTINCT ENTITY

Plaintiff Sentry Data Systems, Inc.'s ("Sentry") Complaint names Wellpartner, Inc. and Wellpartner, LLC, as separate defendants. Compl. ¶¶ 5–6. However, on December 1, 2017, Wellpartner, Inc. was converted from a Delaware corporation to a Delaware limited liability company, and its name was changed to Wellpartner, LLC. *See* Ex. A to the Declaration of Thomas S. Moffatt ("Moffatt Decl."), attached as Ex. 1 (Wellpartner Certificate of Conversion & Certificate of Formation). Because Wellpartner, Inc. has been wholly converted to Wellpartner, LLC, which is also a defendant to this litigation, Wellpartner, Inc. should be dismissed.

### II. THE COURT LACKS PERSONAL JURISDICTION OVER CVS HEALTH

The Court should dismiss all claims against CVS Health under Rule 12(b)(2) because CVS Health has no connection to Florida. CVS Health is not incorporated or headquartered in

---

1 The Complaint refers to "CVS Health." Compl. at ¶¶1, 3. Defendants assume Plaintiff is referring to CVS Health Corporation.

2 This Motion is in addition to Defendants' separately filed Motion to Dismiss the Complaint to failure to state a claim and Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction.

Florida; it has no operations there; it has no assets, income, employees, offices, or facilities there; it did not engage in any of the conduct Sentry alleges occurred in Florida; and it does not direct, manage, or supervise its subsidiaries' (alleged) conduct there. *See generally* Moffatt Decl. at ¶¶ 4–7.[3] Sentry does not allege any facts that would show otherwise, but instead resorts to conflating CVS Health and CVS Pharmacy into one entity, "CVS." *See, e.g.*, Compl. ¶¶ 1, 28–35. These allegations do not distinguish between CVS Health and CVS Pharmacy, and they do not come close to meeting Sentry's burden to show personal jurisdiction.

On a personal jurisdiction motion, the court resolves disputed facts in favor of the plaintiff, but "[i]t goes without saying that . . . the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009); *Ash*, 991 F. Supp. 2d at 1216. The plaintiff's burden is to establish that the defendant had a threshold level of "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quotations omitted). To make this showing, Sentry must demonstrate that CVS Health is subject to either general or specific jurisdiction in Florida. The Complaint does not specify whether Sentry seeks to establish personal jurisdiction over CVS Health based on general or specific jurisdiction. Neither jurisdictional basis applies.

**A. CVS Health is Not Subject to General Jurisdiction in Florida**

To establish general jurisdiction under Florida's long-arm statute, a plaintiff bears the burden of demonstrating that a defendant's actions, considered collectively, "show a general

---

3 The Court may consider Mr. Moffatt's declaration in connection with this motion to dismiss pursuant to Rule 12(b)(2). *See, e.g.*, *Ash v. Royal Caribbean Cruises, Ltd.*, 991 F. Supp. 2d 1214, 1216 (S.D. Fla. 2013).

course of business activity in the state for pecuniary benefit." *See Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1386 (S.D. Fla. 2014) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006)); Fla. Stat. 48.193. Under the general jurisdiction standard, "a defendant's contacts with the forum state 'must be so extensive to be tantamount to a defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in the forum state's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world.'" *Id.* (quoting *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009)) (alterations in original).

CVS Health is a holding company and its primary functions are to issue stock that is traded on the New York Stock Exchange and to file reports with the Securities and Exchange Commission. CVS Health does no business in Florida, for pecuniary benefit or otherwise, and CVS Health has no employees, no assets, and no physical presence in the state.[4] It is not qualified as a foreign corporation under the laws of Florida, it does not have a registered agent for service of process in Florida, and it is not regulated by a Florida state agency. Moreover, CVS Health Corporation did not enter into any of the contracts that are at issue in the instant litigation and is not alleged to have had direct involvement in any of the conduct alleged in the Complaint. *See* Exhibits B, C, D or E of the Complaint. As such, Sentry has failed to establish personal jurisdiction and the claims against CVS Health should be dismissed with prejudice.[5]

---

4 The use of "♥CVS Health" in promotional materials, such as Exhibit F to the Complaint, does not compel a different result. CVS Pharmacy, Inc. is the registered owner of a variety of "CVS Health" trademarks. The trademarks do not refer to CVS Health Corporation as a corporate entity but, instead, reflect an overarching brand architecture that encompasses CVS Health Corporation, CVS Pharmacy, Inc. and their direct and indirect subsidiaries. The use of the "CVS Health" trademarks on a particular publication does not indicate any involvement by CVS Health Corporation. Moffatt Decl. at ¶¶ 8–9.

5 When faced with personal jurisdiction arguments based on nearly identical facts, District Courts in South Carolina and California held that no personal jurisdiction existed over CVS Health. *See Callum v. CVS*

**B. CVS Health is Not Subject to Specific Jurisdiction in Florida**

There is also no basis for finding specific jurisdiction over CVS Health because CVS Health took no action in Florida concerning the allegations in this case. CVS Health has no operations unrelated to its limited functions as a holding company (e.g., issuing stock and filing SEC reports), and, as such, CVS Health did not have any part in the contracts or activities Sentry alleges occurred in Florida. Moffatt Decl. ¶¶ 4–5. Accordingly, CVS Health has not "purposefully avail[ed]" itself "of the privilege of conducting activities" in Florida, and Sentry's claims do not arise out of or relate to any of CVS Health's (nonexistent) forum-related activities. *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

**C. CVS Health's Relationship with CVS Pharmacy Does Not Create Personal Jurisdiction over CVS Health**

Sentry cannot manufacture jurisdiction based on CVS Health's status as a parent of CVS Pharmacy. The law is well-established that a corporation's mere ownership of a subsidiary allegedly subject to personal jurisdiction in the forum is not sufficient to create personal jurisdiction over the parent. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." (citation omitted)); *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there."); *Stubbs*, 447 F.3d at 1363 (to establish jurisdiction, plaintiff must show the "subsidiary's existence was simply a formality, and that the affiliated corporation was merely the non-resident's agent."). Personal jurisdiction will apply to a parent based on the actions of its

---

*Health Corp.*, 137 F. Supp. 3d 817, 835–37 (D.S.C. 2015); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979–84 (N.D. Cal. 2016).

subsidiary only where the subsidiary is "without any semblance of individual identity" apart from the parent. *Meier*, 288 F.3d at 1272. In this case, CVS Health has a limited role as a holding company and does not control CVS Pharmacy or its day-to-day activities and internal affairs. Moffatt Decl. ¶¶ 6–7. Because CVS Health is a separate and distinct entity with no contacts in Florida—and Sentry fails to allege otherwise—the claims against CVS Health should be dismissed for lack of personal jurisdiction.

## III. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CVS HEALTH

The Complaint also fails to satisfy the requirements of Rule 8 or to state a claim against CVS Health because it does not allege any specific facts with regards to the actions of CVS Health as distinct from CVS Pharmacy, Inc. *See, e.g.*, *Joseph v. Bernstein*, 612 Fed. App'x. 551, 553 (11th Cir. 2015) ("[T]he complaint failed to satisfy the requirements of Rule 8 . . . because it indiscriminately grouped all Defendants together without explaining the factual basis for each of the Defendants' liability."); *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 17-cv-22462-UU, 2018 U.S. Dist. LEXIS 16702 (S.D. Fla. Jan. 31, 2018) ("The requirements of Rule 8 are 'particularly pertinent' when related companies are sued."). Absent any allegations specific to CVS Health, the claims against CVS Health should be dismissed.

## CONCLUSION

For the reasons discussed above, CVS Health and Wellpartner, Inc. respectfully request that the Court dismiss all claims against them with prejudice.

Respectfully submitted this 13th day of March, 2018.

**KOZYAK TROPIN THROCKMORTON LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

By: */s/ Harley S. Tropin*
Harley S. Tropin, Esq.
Florida Bar No. 241253
Gail A. McQuilkin

**DECHERT LLP**
Joseph A. Fazioli
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499

Michael G. Cowie
1900 K Street, NW
Washington, D.C. 20006

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Harley S. Tropin*