**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 18-cv-60257-BLOOM/Valle**

SENTRY DATA SYSTEMS, INC.,

      Plaintiff,

v.

CVS HEALTH, CVS PHARMACY, INC.,
WELLPARTNER, INC., and
WELLPARTNER, LLC,

      Defendants.

_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

THIS CAUSE is before the Court on the Parties' Notice of Filing Proposed Stipulated Confidentiality and Protective Order ("This Order").  Accordingly, it is **ORDERED:**

## DEFINITIONS

1.    "Discovery Material" means all items or information, or any part thereof, regardless of the medium or manner generated, stored, or maintained (including, among other things, initial disclosures, responses to discovery requests, documents, testimony, transcripts, exhibits, or tangible things) that are produced, adduced, disclosed, or generated in the course of discovery in this litigation.

2.    "Party" or "Parties" means the named parties in this litigation.

3.    "Producing Party" means any legal or natural person, whether a Party or non-party, who produces Discovery Material in this litigation.

4.    "Receiving Party" means any legal or natural person, whether a Party or non-party, who receives Discovery Material in this litigation.

5.    "Designating Party" means any legal or natural person, whether a Party or non-

Case No.: 18-cv-60257-BLOOM/Valle

party, who designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order.

6.    "Outside Counsel" means a firm of attorneys who are counsel of record with clients and are not employed by a Party as in-house counsel.

7.    "House Counsel" means a maximum of two attorneys (a) who are employees of a Party, (b) have no involvement in competitive decision-making, and (c) to whom disclosure is reasonably necessary for this litigation. However, if a designated House Counsel ceases to work for a Party, the Party can name a new attorney as a replacement House Counsel.

8.    "Confidential Information" means any Discovery Material designated as "CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, regulation, common law, or contract; (b) information that reveals  trade secrets; (c) research, technical, commercial or financial information that the Producing Party  has maintained as confidential; (d) protected health information; or (e) personal  identity information.

9.    "Highly Confidential - Attorney's Eyes Only Information" means any Discovery Material designated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by the Producing Party that (a) meets the definition of Confidential Information, and (b) that the Designating Party reasonably believes in good faith (i) to be of a competitively  sensitive nature, and (ii) the disclosure of which would create a substantial risk of serious harm.

10.    "Protected Information" means both Confidential Information and Highly Confidential - Attorney's Eyes Only Information.

## DESIGNATION OF PROTECTED INFORMATION

11.    *Designation.*    Discovery Material claimed to be or to contain Protected Information shall be designated by the Producing Party as Protected Information under this Order

by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" on the document or tangible thing before the Discovery Material is produced or disclosed.    Applying the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" to a document or tangible thing does not mean that it has any status or protection by statute, regulation, law, contract, or otherwise except to the extent and for the purposes of this Order.

12.    *Designation of Electronic Data.*    Any Discovery Material that is being produced in an electronic format, whether by CD-ROM, computer disk, hard drive, thumb drive, magnetic tape, or otherwise, may  be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES  ONLY" by marking the media used in delivering the electronic data to the Party and  marking each document therein that contains Protected Information.

13.    *Designation of Depositions.*    Unless otherwise agreed on the record at the time the deposition testimony is taken, all deposition testimony taken in this litigation shall be treated as Highly Confidential - Attorney's Eyes Only Information until the expiration of the earlier of the following: the 14th day after the transcript is delivered to any Party of the witness, or 45 days after the testimony was given.    Within this time period, deposition testimony or portions thereof may be designated as Protected Information either by an examining Party's  attorney or by an attorney defending or attending the deposition by serving a Notice of  Designation to all Parties as to the specific portions of the testimony that are designated Protected Information.    Thereafter, only those portions identified in a timely Notice of  Designation shall be protected by the terms of this Order.

14.    *Inadvertent Production.*

a.    An  inadvertent  failure  to  designate  Discovery  Material  as  Protected

Information does not, standing alone, waive the right to so designate the Discovery Material.  If a Party or non-party designated Discovery Material as  Protected Information after it was initially produced, the Receiving Party, on notification  of the designation, must make reasonable effort to assure that the Discovery Material is  treated in accordance with the provisions of this Order.  No party shall be found to have  violated this Order for failing to maintain the confidentiality of the material during a time  when that material has not been designated Protected Information, even where the failure  to so designate was inadvertent and where the material is subsequently designated  Protected Information.

b.      If any Discovery Material is inadvertently produced by any Producing Party and is subject to a claim of privilege or of protection from production (as attorney-client communication, attorney work product, trial preparation materials, or any other  claim of privilege, protection, or immunity), the Producing Party making the claim may  notify the Receiving Party of the claim in writing.  The written notice shall identify the  Discovery Material that was produced (including the format of the production, e.g., paper,  electronically stored information), the nature and basis of the claim of privilege or of  protection from production, and the date(s) the Discovery Material was produced.  If the Producing Party claims that only a portion of the Discovery Material is privileged or  protected from production, the Producing Party shall also provide a new copy of the  Discovery Material with the allegedly privileged or protected portions redacted.  After  being notified, the Receiving Party shall promptly return, or certify the destruction of,  such Discovery Material to the Producing Party within ten business days, unless the  Receiving Party challenges the privileged or protected nature of the Discovery Material,  in which case the Receiving Party shall move the Court within five additional business days for a determination as to the privileged or protected nature of the documents.  Moreover,

while there is a dispute between the parties as to the privileged or protected nature of the documents, the Receiving Party shall not use or divulge the contents of such Discovery Material except to the Court under seal. This provision is intended to invoke the protections afforded by an order under Federal Rules of Evidence 502(d).

c.       If the Receiving Party has provided the Discovery Material to another person before receiving a written request for the return of such Discovery Material, the Receiving Party must take reasonable steps to retrieve the Discovery Material, and, if requested by the Producing Party, must identify such person and the efforts made in accordance herewith. The inadvertent production of any Discovery Material claimed to be privileged or subject to the work product doctrine shall not constitute a waiver of such privilege or protection, provided that the party asserting the claim or privilege or protection shall have the burden of proving the inadvertence of the production of the Discovery Material, as well as all other elements required to establish its claim of privilege or work product protection. Nothing in this paragraph shall be construed to enlarge the attorney-client privilege or work product protection doctrine, and the parties remain free to challenge the propriety of any claimed privilege or protection.

15.     *Non-Party Materials.* Any non-party from whom Discovery Material is sought in connection with this litigation shall be provided with a copy of this Order and may elect to be covered by this Order and designate materials under it, but only after the non-party has completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound. Thereafter, Discovery Material produced or disclosed by the non-party will be:

a.       Treated as Highly Confidential - Attorney's Eyes Only Information for a period of 14 days from the receipt by all Parties of the production or disclosure.

b.       At any time on or before the 14th day from receipt of the production, the

Producing Party or any Party to this litigation may specifically designate  materials produced or disclosed by the non-party as appropriate pursuant to this Order by serving a Notice of Designation to all Parties as to the  specific portions of the material that are designated Protected Information  and must include a copy of the designated materials, properly marked as Protected Information.  Thereafter, only those portions identified in a  timely Notice of Designation shall be protected by the terms of this Order.

16.    *Modification of Designation.*  The designation of Protected Information may be modified or eliminated at any time, as explained below, provided that the Parties or non-parties must negotiate in good faith regarding any disputes over designation of Protected Information before presenting the dispute to the Court.

17.    *Information That Is Not Protected.*  Discovery Material shall not constitute Protected Information and shall not be designated as such if at the time of the production or disclosure, such information is in the public domain.

## CHALLENGES TO DESIGNATION OF PROTECTED INFORMATION

18.    The designation of any Discovery Material as Protected Information is subject to challenge by any Party.

19.    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Moreover, failure to challenge the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

20.    The following procedure shall apply to challenges to the designation of any

Discovery Material as Protected Information:

        a.      *Meet and Confer.* A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with the Designating Party or, if represented, counsel for the Designating Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within five business days.

        b.      *Judicial Intervention.* A Party that elects to challenge the designation of Protected Information may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to treat the Discovery Material as Protected Information under the terms of this Order.

## <u>ACCESS TO PROTECTED INFORMATION</u>

        21.    *Access to Confidential Information.* Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any designated Confidential Information to any person, except the following:

        a.      to the Court and its personnel;

        b.      to Outside Counsel for a Party and to employees of the Outside Counsel who have responsibility for or are otherwise participating in this litigation;

    c.      to House Counsel;

    d.      to court reporters and recorders employed by any Party to transcribe or record a deposition in this matter, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    e.      to those persons specifically engaged for the limited purpose of making copies of documents, or organizing or processing documents, including outside vendors hired to process electronically stored documents or provide an electronic document management system;

    f.      to consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, including any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this litigation and any non-technical jury or trial consulting services, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    g.      to any Party, or director, officer, or employee of a Party, but only to the extent counsel determines in good faith that the director, officer, or employee's assistance is reasonably necessary to the conduct of the litigation in which the Confidential Information is disclosed;

    h.      to any witness whose deposition testimony is taken in this litigation and who is a present or former employee of the Designating Party, or to whom counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials, provided that witnesses shall not retain a copy of the documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

i.      to any author or specified recipient of the designated material (not including a person who received the document in the course of the litigation); and

j.      to other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

22.     *Access to Highly Confidential - Attorney's Eyes Only Information.* Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not itself examine or review or, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any designated Highly Confidential - Attorney's Eyes Only Information to any person, except the following:

a.      to the Court and its personnel;

b.      to Outside Counsel for a Party and to employees of Outside Counsel for a Party who have responsibility for or are otherwise participating in this litigation;

c.      to House Counsel;

d.      to court reporters and recorders employed by any Party to transcribe or record a deposition in this matter, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

e.      to those persons specifically engaged for the limited purpose of making copies of documents, or organizing or processing documents, including outside vendors hired to process electronically stored documents or provide an electronic document management system;

f.      to consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, including any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this litigation and any non-technical jury or trial consulting services, but only after such persons have

completed the  certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

        g.    to any witness whose deposition testimony is taken in this litigation and who is a present or former employee of the Designating Party, or to whom counsel for the Designating Party has, either before or during the deposition,  approved the disclosure of such materials, provided that witnesses shall  not retain a copy of the documents containing Highly Confidential - Attorney's Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their  depositions in connection with review of the transcripts;

        h.    to any author or specified recipient of the designated material (not including a person who received the document in the course of the  litigation); and

        i.    to other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

No person entitled to receive Highly Confidential - Attorney's Eyes Only Information shall in  fact receive such information unless the Receiving Party has reason to believe that he or she has  an actual need to know that information, or use the Discovery Material, for purposes of the  conduct of this litigation.

23.    *Inconsistent Designations.*  If the same document has received inconsistent designations, all copies of the document shall be treated in accordance with the highest designation.  Moreover, if any Receiving Party believes that Discovery Material produced by any other Party contains the Receiving Party's Protected Information, the Receiving Party may specifically designate such  materials by serving a Notice of Designation to all Parties as to the specific portions of the material that are designated Protected Information  and must include a copy of the designated materials, properly marked as Protected Information.

24.  *Originals of Acknowledgements.*  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three  years after the termination of the litigation.

25.  *Information Subject to this Order.*  The protections conferred by this Order cover not only Discovery Material (regardless of how it is generated, stored, or maintained) that is designated as Protected Information, but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

26.  *Certain Information Not Subject to this Order.*  This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Protected Information for any  purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a  Receiving Party of information contained in Discovery Material designated as  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" that: (i) is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public  domain after its disclosure to a Receiving Party as a result of publication not involving a  violation of this Order, including becoming part of the public record through trial or otherwise  and (ii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving  Party after the disclosure from a source who obtained the information lawfully and under no  obligation of confidentiality to the Producing Party.

## USE OF PROTECTED INFORMATION

27.  *Use in this Litigation Only.*  Protected Information may be used only in connection with this litigation, and specifically shall not be used or referred to, directly or

indirectly, (a) for any business or competitive purpose, (b) for publicity, (c) in any advertising, (d) in any material disseminated to any individual or entity not authorized to receive such material under the terms of this Order, or (e) for any purpose whatsoever other than in this litigation, including any appeal thereof, except as expressly provided herein. Each individual to whom the disclosure of any Protected Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

28.     *Use at Depositions.*   If Protected Information is to be discussed or disclosed during a deposition, the Producing Party or other Designating Party shall have the right to exclude from attendance at the deposition, during the time the Protected Information is to be discussed, any individual not entitled under this Order to receive the Protected Information.

29.     *Filing of Protected Information.*   This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file or reference Protected Information in connection with a motion, brief, or other submission to the Court must comply with the Court's local rules and procedures, including Local Rule 5.4, S.D. Fla.  A Party that wishes to file any document that contains or references Protected Information, will seek leave from the Court to file the document under seal, setting forth the reason for doing so.   If the Court has not acted on the motion by the time the filing is due, the Party that is moving to file under seal will transmit an unredacted copy of the proposed filing to the opposing Party.   A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

30.     *No Greater Protection of Specific Documents.*   Except on privilege grounds not

addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

31.     *Action by the Court.*  Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

32.     *Use of Protected Information at Trial.*  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

33.     *Protected Information Subpoenaed or Ordered Produced in Other Litigation.*

a.     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this litigation as Protected Information, the Receiving Party must so notify the Producing Party or other Designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party

must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party or other Designating Party an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The Producing Party or other Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this litigation to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Protected Information by the other Party to this case.

## OTHER PROVISIONS

34.     *Communications with Experts.* Except for those communications exempted from protection under Federal Rule of Civil Procedure 26(b)(4)(C), expert communications, in any form, between or among a Party's counsel, a Party, or a Party's experts relating to the work, opinions, or testimony of the Party's experts, are not discoverable or admissible in this proceeding. Any preliminary or draft expert report or disclosure shall not be discoverable, regardless of the form in which it is recorded. Counsel remain free, however, to otherwise conduct discovery relevant to the validity of the expert's opinions or relevant to facts or data the expert is relying on in forming his or her opinions.

35.     *Settlement communications.* Settlement communications, in any form, between the Parties relating to the settlement of one or more claims in this litigation, shall be deemed "CONFIDENTIAL" pursuant to the terms of this Order.

36.     *E-Discovery.* Unless otherwise specified in a party's request for production, relevant and responsive Discovery Material produced in electronic form shall be produced as single-page TIFF files with multi-page text files, along with load files  IPRO (.lfp), Opticon (.opt), and Summation (.dii) formats and a separate ASCII delimited text  file for metadata. Electronically stored information ("ESI") produced in this format shall include  the following metadata fields:  BegDoc#; EndDoc#; Beginning Attachment #; Ending  Attachment #; Doc Type; MD5HASH; Date Last Modified; Date Sent; Date Created; Date  Received; Author; Sent on Behalf of; From; To; CC; BCC; File Extension; Custodian; Subject;  and File Name.  It shall also be collected and preserved in a manner that does not materially alter  or modify the file or metadata.  Spreadsheet and presentation application files and multimedia  audio/video files shall be produced natively, unless they are redacted, along with a single page  TIFF placeholder indicating that the file was produced natively.  Presentation application files shall also be produced as single-page TIFF files.  If any database application files are produced,  the parties shall meet and confer to determine the most reasonable form of production based on  the specific circumstances at hand.  All paper documents that have been scanned or otherwise  converted into electronic form for production in this litigation shall include the following  metadata fields: BegDoc#; EndDoc#; and Custodian.  Text files shall be provided for each  document with text either extracted from a native text layer or, if none exists, with text generated  via OCR.

37.     *Reasonable Precautions.*  Counsel for each Party shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of any Protected Information.

38.     *Storage.*  Protected Information shall, when not in use, be stored in such a manner that individuals not in the employment or service of those possessing Protected Information will be unlikely to obtain access to the Protected Information.

39.     *Order Continues in Force on Conclusion of Litigation.*  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.   Neither the termination of this litigation nor the termination of the employment, engagement, or agency of any person who had access to any Protected Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Protected Information disclosed pursuant to this Order.

40.     *Return or Destruction on Conclusion of Litigation.*  Within 60 days following dismissal or entry of final judgment not subject to further appeal, or sooner if so ordered by the Court, a Party or non-party in possession of Protected Information other than its own shall return or destroy all tangible Protected Information in its possession, except pleadings filed with the Court, exhibits marked in discovery or at trial, and materials which, in the judgment of the attorney in possession of the materials, are work product materials.  A Designating Party may request written certification of compliance with this paragraph.   If such a request is made in writing, the recipient of such a request shall respond within 10 days, but in no event earlier than 70 days following dismissal or entry of final judgment not subject to further appeal.  Any retained Protected Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

41.     *Not an Admission.*  Nothing in this Order or done by the Parties or a non-party pursuant to this Order shall constitute an admission by the Party, or shall be used as evidence, that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" is actually Protected Information. Furthermore, nothing  contained

herein shall preclude the Producing Party or other Party from raising any available objection, or seeking any available protection with respect to any Protected Information, including, but not limited to, the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

42. *Order Subject to Modification.* This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

43. *No Prior Judicial Determination.* This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

44. *Scope.* This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

45. *Persons Bound.* This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No.: 18-cv-60257-BLOOM/Valle

Counsel of Record

## ATTACHMENT "A"

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 18-CV-60257-BLOOM/VALLE

SENTRY DATA SYSTEMS, INC.,

        Plaintiff,

v.

CVS HEALTH, CVS PHARMACY, INC.,
WELLPARTNER, INC., and
WELLPARTNER, LLC,

        Defendants.

_____/

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

1.      The undersigned hereby acknowledges that he/she has read the Stipulated

Confidentiality and Protective Order entered in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms.

Case No.: 18-cv-60257-BLOOM/Valle

2.      The undersigned submits to the jurisdiction of the United States District Court for

the Southern District of Florida in matters relating to the Stipulated Confidentiality and

Protective Order and understands that the terms of the Stipulated Confidentiality and Protective

Order obligate him/her to use materials designated as Protected Information in accordance with

the Order solely for the purposes of the above- captioned action, and not to disclose any such

Protected Information to any other person, firm, or concern.

3.      The undersigned acknowledges that violation of the Stipulated Confidentiality and

Protective Order may result in penalties for contempt of court.


Date: _____          Signature: _____