**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 18-CV-60257-BLOOM/VALLE**

SENTRY DATA SYSTEMS, INC.,

    Plaintiff,

v.

CVS PHARMACY, INC., and
WELLPARTNER, LLC,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**
**DISCOVERY RESPONSES FROM PLAINTIFF SENTRY DATA SYSTEMS, INC.**

**I.     This Court Should Compel Plaintiff to Provide a Complete Response to Interrogatory No. 10**

In Interrogatory No. 10, Defendants asked Sentry to identify its alleged damages and to describe how those damages were calculated, including any methodologies or formulas that Sentry used. Sentry refused, disclosing only that it seeks damages for an unspecified amount of lost profits and lost goodwill. Defendants moved to compel, citing numerous cases from this Court holding that a plaintiff must respond fully to interrogatories like Interrogatory No. 10. *See* Defs.' Mot. to Compel, D.E. 126, at 5–6 (citing *Azure LLC v. Figueras Seating U.S.A., Inc.*, 2014 WL 12512542, at *1 (S.D. Fla. Jan. 10, 2014); *Rodriguez v. SMI Sec. Mgmt.*, Inc., 2009 WL 4893161, at *5 (S.D. Fla. Dec. 10, 2009); *Stone v. Zimmer, Inc.*, 2009 WL 9567924, at *4 (S.D. Fla. Dec. 4, 2009); *Boldstar Tech., LLC v. Home Depot USA, Inc.*, 2008 WL 11320010 (S.D. Fla. Feb. 28, 2008)). In response, Sentry raises a number of unpersuasive arguments.

As an initial matter, Sentry argues – based *entirely* upon out-of-circuit patent cases – that "defendants are entitled at most to a general description of the types of damages Sentry contends it suffered" and that defendants must await expert disclosures for anything more. Opp., D.E. 134, at 2. This Court, however, has rejected that argument time and time again. *See Boldstar*, 2008 WL 11320010 at *2 (granting motion to compel where plaintiff "failed to include any dollar amount, much less a calculation of damages sought" and rejecting argument that the provision of such information must await "further financial discovery and analysis"); *Friskney v. American Park & Play, Inc.*, 2005 WL 8156082, at *2 (S.D. Fla. June 21, 2005) (holding that "[i]t is not sufficient for a party to respond merely by stating generally that it seeks certain types of damages" and explaining that a party must "provide a substantive response" without waiting for expert disclosures); *see also Johnson v. Stryker Corp.*, 2012 WL 487443, at *1–2 (M.D. Fla. Feb. 14,

1

2012) (compelling response to interrogatory over plaintiff's objection that the "exact amount of damages she is seeking will be the subject of expert testimony").

Unable to cite any authority from this Court, Sentry resorts to distraction. It devotes an entire page of its 10-page response to the irrelevant proposition that "lost goodwill and lost profits" are appropriate types of damages for antitrust claims, tortious interference claims, and misappropriation claims. Opp. at 3–4. Sentry's lengthy discussion is beside the point. The question is not whether these types of damages are recoverable, but whether Sentry is actually claiming such damages and, if so, the amount and calculation of those damages.

Sentry also misleadingly argues that Defendants never challenged Sentry's initial disclosures. Defendants did challenge the initial disclosures by: (1) serving an interrogatory that asked Sentry to disclose its damages and its methodology for calculating them; and (2) specifically arguing in their Motion that "Sentry should have already provided such information months ago in connection with its initial disclosures." Mot. at 4–5. Moreover, as Defendants argued, Sentry's initial disclosures were, in fact, deficient. Sentry's initial disclosures claimed that Sentry had suffered $500 million of damages. As Defendants pointed out in their Motion (but Sentry's Opposition ignores), Sentry did not disclose any support for that outlandish figure. *Id.* at 5. As such, Sentry's contention that it complied with Rule 26 is false. *Boldstar*, 2008 WL 11320010 at *2 ("to comply with the initial disclosure requirements . . . parties must perform 'some analysis' and cannot rely upon general statements"); *McCarthy v. American Airlines, Inc.*, 2008 WL 11399624, *8 (S.D. Fla. Jan. 8, 2008) (Rule 26 "contemplates that the plaintiff perform some analysis and provide more than a 'lump sum' statement of alleged damages").

Next, Sentry claims that Interrogatory No. 10 is a premature contention interrogatory. Opp. at 5–6. Once again, Sentry's argument is frivolous. As discussed above, Rule 26 itself requires

parties to disclose their damages, and compute each category of damages, *at the outset of the case*. Fed. R. Civ. P. 26(a). Given that the Rules required Sentry to provide this information in its April 3, 2018 initial disclosures, there is nothing premature about Sentry having to provide this information many months later.

Unable to justify its deficient interrogatory response *or* its deficient initial disclosures, Sentry attempts to distinguish the cases Defendants cited. For instance, Sentry argues that *Azure* is distinguishable because, in that case, the "plaintiff already provided a very specific damages figure." Opp. at 5. Here, of course, Sentry has done the same. It claims that its damages are in excess of $500 million. Yet, it has *twice* refused to explain the basis for that figure. Sentry also argues that *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005), is distinguishable because the damages in that case did not "require anything more than a simple calculation." Opp. at 5. In fact, the responding party, like Sentry, objected that the calculation of damages required expert testimony. The court rejected the claim, explaining: "it is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses." 230 F. R. D. at 685. Sentry lastly claims that *Boldstar* is distinguishable because, unlike the plaintiff in *Boldstar*, Sentry "is incapable of making a damages computation based on *any* information until its expert makes a report." Opp. at 5. This assertion is false. Sentry has provided a damages figure, but refuses to explain how it came up with its overblown claim.

Finally, Sentry argues that it need not respond because it is producing financial statements and documents showing revenues and profits. This argument fails. Even if Sentry produces these documents, Defendants would be unable to determine Sentry's damages and should not be forced to guess at Sentry's theories. *See Azure*, 2014 WL 12512542, at *1 ("Plaintiff may not shift to Defendants the burden of attempting to determine the amount of Plaintiff's alleged damages");

*Boldstar*, 2008 WL 11320010 at *3 ("Plaintiff is in the best position to calculate its damages from its own internal financial information . . . .").

## II.   This Court Should Enter An Order Deeming RFAs Nos. 6, 7, 9, 28, and 29 Admitted

### A.   RFA Nos. 6 and 7

RFA Nos. 6 and 7 asked Sentry to admit that its software had "bugs" and that Sentry attempted to fix those bugs. In its Opposition, Sentry contends that the term "bug" is "subjective and pejorative." Opp. at 7. However, Sentry used the term "debug" in its own Amended Complaint *after* receipt of the Motion. *See* D.E. 121 ¶ 101. Sentry's Opposition ignores this issue and fails to explain why it is improper for Defendants to use Sentry's own terminology.

### B.   RFA No. 9

RFA No. 9 asked Sentry to admit that it has issued negative public statements regarding Defendants. In response, Sentry objects that the term "negative" is vague and responds that its public statements were "truthful, matters of opinion, or both." Sentry's response is deficient.

Sentry argues that the term "negative" could "be interpreted in any number of ways." Opp. at 9. Sentry, however, does not cite a single case holding that the term negative is not properly used within a request for admission. *See Arredondo v. Flores*, 2007 WL 3035859, *11 (S. D. Tex. Oct. 16, 2007) (compelling response to RFA asking plaintiffs to admit that they received "negative" performance reviews). Moreover, Sentry fails to explain how the term "negative" could be interpreted as anything other than how it is typically used, *i.e.*, the opposite of "positive." Nor has Sentry explained how its public statements – such as that CVS is a "fox[] guard[ing] the henhouse" – are not negative. *See* Mot. at 8. Finally, there is no basis for Sentry to include in its answer the non-responsive spin that its statements were "truthful, matters of opinion, or both." *See id.*

4

### C. RFA Nos. 28 and 29

RFA Nos. 28 and 29 asked Sentry to admit the truth of allegations that Sentry itself has already made. Specifically, these RFAs asked Sentry to admit that CVS has fewer contract pharmacy locations than Walgreens and serves as the contract pharmacy for fewer covered entities than Walgreens. In response, Sentry admits only that it alleged in its Complaint that, "Although Walgreens is the single largest contract pharmacy, it is among the slowest growing of the major contract pharmacy chains [and is growing slower than CVS is growing]."

Sentry's response is deficient. As an initial matter, Sentry improperly refuses to admit that Walgreens: (1) has more contract pharmacy locations than CVS and (2) serves more covered entities than CVS. Worse yet, Sentry improperly includes in its response non-responsive advocacy. Specifically, it provides information about Walgreens's and CVS's relative growth rates, even though neither RFA requested this information.

Finally, Sentry's argument that it lacks sufficient information to admit these facts is contrary to law. By pleading that Walgreens is larger than CVS, Am. Compl. ¶ 34, Sentry has already admitted that Walgreens has more locations and covered entities than CVS. *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1191 (S.D. Fla. 2015) ("Factual assertions contained within pleadings are generally considered to be judicial admissions conclusively binding on the party who made them."); *United States v. Healogics, Inc.,* 2016 WL 10540886, at *3 (M.D. Fla. Dec. 13, 2016) ("A judicial admission is a factual assertion in a pleading or proceeding that is conclusively binding on the party that made it."). Defendants, however, should not be forced to present these facts at trial through the use of Sentry's Amended Complaint, with its unnecessary spin on the underlying facts. Instead, Sentry should be compelled to respond to RFA Nos. 28 and 29 without referring back to its Amended Complaint or to non-responsive information.

Dated: October 9, 2018

**KOZYAK TROPIN THROCKMORTON LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

By: /s/ *Gail A. McQuilkin*
   Gail A. McQuilkin, Esq.
   Florida Bar No. 969338
   Harley S. Tropin, Esq.
   Florida Bar No. 241253

**DECHERT LLP**

Michael S. Doluisio
Stuart T. Steinberg
2929 Arch St.
Philadelphia, PA 19104

Michael G. Cowie
1900 K Street, NW
Washington, D.C. 20006

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this October 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Gail A. McQuilkin*