UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60257

SENTRY DATA SYSTEMS, INC.,

    Plaintiff,

CVS PHARMACY, INC.,
and WELLPARTNER, LLC,

    Defendants.
_____/

## PLAINTIFF'S AND DEFENDANTS' JOINT SUBMISSION IN SUPPORT OF THEIR PROPOSED PRE-TRIAL SCHEDULE

Plaintiff Sentry Data Systems, Inc. ("Sentry") and Defendants CVS Pharmacy, Inc. ("CVS") and Wellpartner, LLC ("Wellpartner") (together, "Defendants") jointly submit this report in support of their proposed pre-trial schedule.

On December 11, 2018, the Court entered an Order, at the parties' request, staying discovery and all other proceedings so that the parties could conduct mediation and potentially resolve the dispute. (DE 156). That Order directed the parties to file a joint status report with the Court by February 1, 2019, advising whether the matter may be closed or the stay continued, or in the alternative setting forth a proposed schedule for proceedings going forward. Unfortunately, the parties were unable to resolve their dispute through mediation. The parties have met and conferred concerning a proposed schedule for these proceedings and have been able to reach agreement. Accordingly, the parties submit this joint report in support of their proposed pre-trial schedule.

The parties propose the following pre-trial schedule:

| | |
|---|---|
| **Fact Discovery Deadline:** | October 8, 2019 |
| **Initial Expert Reports:** | October 15, 2019 |

| **Rebuttal Reports within the meaning of Rule 26(a)(2)(D)(ii):** | November 15, 2019 |
| --- | --- |
| **Expert Discovery Deadline:** | December 31, 2019 |
| **Pre-trial Motion and *Daubert* Motion Deadline:** | January 31, 2020 |

For the reasons set forth below, the parties respectfully request that the Court enter their proposed schedule.

I. **Background and Procedural History**

In this case Sentry alleges the Defendants violated federal antitrust laws, tortiously interfered with Sentry's contracts, and misused Sentry's confidential information. Sentry alleges that Defendants are violating the antitrust laws by refusing to provide "contract pharmacy" services under the federal 340B drug program to health care providers (called "covered entities"), unless those covered entities use CVS's subsidiary, Wellpartner, to administer the cover entity's relationship with CVS pharmacies. Sentry also alleges that Defendants are knowingly causing covered entities to breach their existing contracts with Sentry, interfering with prospective contracts, and are also improperly using Sentry's trade secret technical information to transition covered entities away from Sentry to Wellpartner. Defendants deny Sentry's allegations of wrongdoing and, as set forth in the pending motion to dismiss, believe that Sentry fails to allege claims for tying or tortious interference.

Sentry filed its original Complaint (DE 1) on February 5, 2018. Sentry also filed a Motion for a Preliminary Injunction. Defendants thereafter moved to dismiss the Complaint and the Parties engaged in targeted discovery regarding Sentry's preliminary injunction motion. On May 17, 2018, following extensive negotiations between the parties, Sentry withdrew its motion pursuant to an agreement with Defendants.

On August 28, 2018, the Court issued an Order (DE 115), which, among other things, granted in part Defendants' motion to dismiss and dismissed without prejudice Sentry's claim for

illegal tying under the Sherman Act, holding that Sentry had failed to meet its burden of alleging geographic markets under the antitrust laws. On September 10, 2018, Sentry filed an Amended Complaint (DE 121), which re-pleaded a claim for illegal tying. On September 24, 2018, Defendants again moved to dismiss the tying claim, arguing that Plaintiff had not sufficiently alleged the relevant geographic market or markets at issue in its tying claim. The Court has not yet ruled on the pending motion to dismiss.

## II.   Discovery Taken To Date

Although there is much to be done, the parties have made significant progress on discovery to date. First, the parties have exchanged initial disclosures. Second, in connection with Plaintiff's then-pending Motion for Preliminary Injunction (which the parties subsequently resolved), the parties exchanged limited document discovery and took four depositions. Third, the parties have exchanged written discovery requests and responses, including interrogatories and responses and objections thereto, requests for production of documents and responses and objections thereto, and requests for admissions and responses and objections thereto. The parties engaged in an extensive meet and confer process regarding their written discovery requests and responses, briefed motions to compel as to certain remaining objections (DE 126, 128), and thereafter negotiated a resolution as to all discovery disputes raised in their motions to compel (DE 153). Relatedly, the parties negotiated and agreed upon document custodians (as many as 21 custodians for Sentry, 17 custodians for Wellpartner, and 7 custodians for CVS) and a relevant time period for most of the document requests of January 1, 2016 through September 14, 2018, with other requests going back to January 1, 2015. The parties also have exchanged lists of proposed search terms for their respective document productions, but still need to finalize the search terms based upon an analysis of hit counts and a sampling of documents. Sentry has

collected over two terabytes of electronic documents and loaded potentially responsive documents into an electronic review platform.  Defendants have similarly collected a massive quantity of electronic documents and loaded them into an electronic review platform.  Finally, Sentry has served over 20 third-party subpoenas to covered entities whose relationships with Sentry and Defendants are alleged to be at issue.

While in the midst of negotiating these issues, the parties began settlement discussions and shifted their efforts to trying to resolve this case.  Thus, the parties have not yet begun to produce documents or take depositions (other than in connection with Sentry's Motion for a Preliminary Injunction).

**III.     Remaining Fact Discovery and Proposed Fact Discovery Deadline**

Should Sentry's antitrust and tortious interference claims survive Defendants' motion to dismiss, the parties believe that October 8, 2019, is an appropriate deadline for the completion of fact discovery.  As is typical in antitrust cases, the parties anticipate that the document productions in this case will be extensive and that gathering and reviewing responsive documents will be a time-intensive task, especially given the number of document custodians (as many as 45 across all parties) and length of the relevant time period (3 or 4 years depending upon the particular document request).  The parties anticipate that they could exchange hundreds of thousands, if not millions, of pages of documents.  In addition, there will be significant third-party discovery.  Sentry has already served over 20 third-party subpoenas, and Defendants plan to serve their own third-party subpoenas.  Securing documents from this many third parties will likely take many months.

In addition to completing document collection and production, the parties need to take depositions.  Given the number of custodians and third-party subpoena recipients already

identified, the parties anticipate that they will conduct a large number of depositions, including depositions of third parties.  These depositions will take place throughout the country.

## IV.     Expert Reports and Discovery and Related Deadlines

Sentry's claims will require potentially extensive liability and damages expert analysis and testimony.  The parties therefore believe that initial expert reports should be served on October 15, 2019, rebuttal expert reports should be served on November 15, 2019, and expert depositions should be completed by December 31, 2019.  This schedule makes sense for various reasons.

First, the parties submit that separate deadlines for fact and expert discovery are appropriate given that the expert work will depend upon the results of fact discovery, and the experts will not be a position to finalize their reports until fact discovery has been completed.

Second, the parties believe that rebuttal reports should not be due until at least one month after the service of initial reports.  Any shorter period, such as two weeks, would not provide rebuttal experts with sufficient time to analyze, research, and respond to opinions concerning complex antitrust, commercial, and damages issues; a one-month period is much more practicable.

Third, the parties believe that there should be a 45-day period for the completion of expert depositions, following the service of final expert reports.  Given the complex issues that expert reports are likely to address, the parties believe that this dedicated, 45-day expert deposition period is warranted, particularly as the period would run during the holiday season.

Finally, the parties believe that they will need 30 days after the close of expert discovery to prepare summary judgment and *Daubert* motions given the potential number and complexity of the issues, anticipated volume of the factual record, and number of experts.  Accordingly, the

parties submit that their proposal, which provides that all pre-trial motions be due 30 days after the close of expert discovery, is reasonable and appropriate.

**V.     Defendants' Additional Statement**

The Court granted without prejudice Defendants' motion to dismiss Sentry's claim for illegal tying under the Sherman Act, noting that the determination of geographic markets is a "threshold issue." (DE 115 at 10).  As set forth in Defendants' motion to dismiss Sentry's Amended Complaint, Sentry still fails to state a claim for antitrust tying.  Specifically, Sentry has not sufficiently alleged any relevant geographic market or markets because Sentry has contradictorily alleged both a national market and an unknown number of vaguely-defined local geographic markets around the country.  In addition, Sentry has also failed to allege facts showing that CVS possesses the requisite market power in any properly defined geographic market.

The Court's ruling on the pending motion could have a significant impact on the scope of discovery.  Indeed, if the motion were granted, the majority of the discovery Sentry seeks will be unnecessary because it relates to the antitrust and tortious interference claims.  Accordingly, the parties' proposed deadlines could be truncated if the Court grants the motion, depending upon the timing of the Court's ruling.

**VI.    Plaintiff's Additional Statement**

Sentry objects to Defendants' improper use of this court-ordered submission on case status to reargue the pending motion to dismiss, which should be denied in its entirety for the reasons set forth in Sentry's opposition brief (DE 140).

## **CONCLUSION**

For the reasons set forth in this report, the parties respectfully request that the Court enter their proposed pre-trial schedule.

| | |
|---|---|
| Dated:  February 1, 2019 | Respectfully submitted, |
| **KOZYAK TROPIN THROCKMORTON LLP**<br>2525 Ponce de Leon Boulevard, 9th Floor<br>Miami, FL 33134<br>Tel:  (305) 372-1800<br>Fax:  (305) 372-3508<br><br>By: /s/ Gail McQuilkin<br>    Harley S. Tropin, Esq.<br>    Florida Bar No. 241253<br>    Gail A. McQuilkin<br><br>**DECHERT LLP**<br><br>Michael G. Cowie (*pro hac vice*)<br>1900 K Street, NW<br>Washington, D.C. 20006<br><br>Michael S. Doluisio (*pro hac vice*)<br>Stuart T. Steinberg (*pro hac vice*)<br>2929 Arch St.<br>Philadelphia, PA 19104<br><br>*Counsel for Defendants* | **BOIES SCHILLER FLEXNER LLP**<br><br>By:*/s/ Carl E. Goldfarb, Esq.*<br><br>Stephen N. Zack, Esq.<br>Florida Bar No. 145215<br>100 SE Second Street, Suite 2800<br>Miami, Florida  33131<br>Telephone:  (305) 539-8400<br>Facsimile:   (305) 539-1307<br>Email:  szack@bsfllp.com<br><br>Carl E. Goldfarb, Esq.<br>Florida Bar No. 125891<br>Travis Robert-Ritter, Esq.<br>Florida Bar No. 103936<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 356-0011<br>Facsimile:  (954) 356-0022<br>Email: cgoldfarb@bsfllp.com<br>Email: tritter@bsfllp.com<br><br>Christopher G. Renner, Esq.<br>(*pro hac vice*)<br>1401 New York Ave., NW<br>Washington, DC 20005<br>Telephone:  (202) 237-2727<br>Facsimile:   (202) 237-6131<br>Email: crenner@bsfllp.com<br><br>*Counsel for Plaintiff* |

-9-

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

      By:  /s/ *Carl E. Goldfarb, Esq.*