UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-60257-BLOOM/VALLE

SENTRY DATA SYSTEMS, INC.,

                Plaintiff,

v.

CVS PHARMACY, INC. and
WELLPARTNER, LLC,

                Defendants.

_____/

## DEFENDANTS CVS PHARMACY, INC. AND WELLPARTNER, LLC's ANSWER

Defendants CVS Pharmacy, Inc. ("CVS") and Wellpartner, LLC ("Wellpartner") (collectively, "Defendants"), by counsel, hereby file their Answer to Plaintiff Sentry Data Systems, Inc.'s ("Plaintiff" or "Sentry") Amended Complaint (ECF No. 121, 123). All headings in the Amended Complaint are presumed to be for ease of reference, but to the extent headings contain factual allegations to which a response is required, they are denied. Pursuant to the Court's April 3, 2019 Order (ECF No. 175), Plaintiff's antitrust claims are limited to 22 individual Core-Based Statistical Areas ("CBSAs") identified in Paragraph 114 of the Amended Complaint. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations. Unless otherwise provided, Defendants answer on information and belief. All allegations not specifically admitted are denied. Defendants reserve the right to amend their Answer, in whole or in part.

## NATURE OF THE ACTION

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences in Paragraph 1 and on that basis deny

them.  Defendants otherwise deny the allegations in Paragraph 1, except Defendants admit that the 340B Drug Pricing Program is a federal program.

## THE PARTIES

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis deny them.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit that Wellpartner is organized under the laws of Delaware.  Defendants deny that Wellpartner's principal place of business is at 20800 S.W. 115th Avenue, Suite 100, Tualatin, Oregon, 97062.

5.      Defendants admit that CVS acquired Wellpartner, Inc. in 2017.  On December 1, 2017, Wellpartner, Inc. was converted from a Delaware corporation to a Delaware limited liability company, and its name was changed to Wellpartner, LLC.  Paragraph 5 otherwise states legal conclusions to which no response is required.

## STANDING, JURISDICTION, AND VENUE

6.       The allegations in Paragraph 6 consist of Plaintiffs' characterization of their purported claims, to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 7.

8.      Paragraph 8 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 8.

9.      Paragraph 9 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 9.

10.     The first and second sentences in Paragraph 10 state legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in the first and second sentences in Paragraph 10.  Defendants deny the allegations in the third sentence in Paragraph 10 on the grounds that "certain contracts" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants refer to the referenced documents for their content and deny any characterization of them.

11.     Paragraph 11 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 11.

## THE 340B DRUG PRICING PROGRAM

12.     Defendants refer to the referenced law for its content and deny any characterization of it. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 and on that basis deny them.

13.     Defendants refer to the referenced law for its content and deny any characterization of it. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 and on that basis deny them.

14.     Defendants admit the allegations in Paragraph 14, including that the identity of all covered entities participating in the 340B program are available through the publically available government database at the website: https://340bopais.hrsa.gov/coveredentitysearch.

15.     Defendants admit that approved covered entities may purchase covered outpatient drugs under the 340B Program from drug manufacturers at or below the 340B ceiling price, but deny the remaining allegations in the first sentence of Paragraph 15 on the basis that "typically" and "well below" are undefined, rendering those allegations vague as a matter of law.  As to the second sentence of Paragraph 15, Defendants refer to the referenced document for its content and

deny any characterization of it. Defendants admit that the 340B program allows covered entities to purchase covered drugs at or below the 340B ceiling price, and to dispense them at the negotiated contract price with third-party payers, including Medicare and private insurers; and that this can sometimes result in a profit to covered entities, after accounting for other fees; and Defendants otherwise deny the allegations in the third and fourth sentences of Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16 on the basis that "these savings," "captured," and "the prescription" are undefined, rendering those allegations vague as a matter of law.

17.     Defendants deny the allegations in Paragraph 17 on the basis that "steer" is undefined, rendering those allegations vague as a matter of law.

18.     The allegations in the first sentence of Paragraph 18 state a legal conclusion to which no response is required. To the extent any response is required, Defendants refer to the referenced law for its content and deny any characterization of it. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and on that basis deny them.

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent any response is required, Defendants refer to the referenced law for its content and deny any characterization of it.

20.     Paragraph 20 states a legal conclusion to which no response is required. To the extent any response is required, Defendants refer to the referenced law for its content and deny any characterization of it.

21.     Paragraph 21 states a legal conclusion to which no response is required.   To the extent a response it required, Defendants refer to the referenced law for its content and deny any characterization of it.

22.     The second sentence of Paragraph 22 states a legal conclusion to which no response is required.   To the extent a response is required, Defendants refer to the referenced law for its content and deny any characterization of it.   As to the remaining allegations, Defendants admit that covered entities typically identify which filled prescriptions are 340B eligible.

23.     Paragraph 23 states a legal conclusion to which no response is required.   To the extent a response is required, Defendants refer to the referenced law for its content and deny any characterization of it.

24.     Defendants refer to the referenced HRSA guidance for its content and deny any characterization of it.   Defendants admit that HRSA audits covered entities to ensure compliance with the requirements of the 340B program.

25.     Defendants admit that certain covered entities hire administrators to provide services relating to the 340B program, such as eligibility determinations, technology support, and compliance.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 and on that basis deny them.

26.     As a purported summary of a "340B Workflow," the allegations in Paragraph 26 are necessarily incomplete, and on that basis, Defendants deny them.

27.     Defendants deny the allegations in Paragraph 27 on the grounds that "risk of non-compliance," "grows," "scattered," "data portal or dashboard," and "generally" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

## CONTRACT PHARMACIES

28.     Defendants admit that covered entities generally pay a fee to contract pharmacies for their services, and that there is generally a contract between a covered entity and a contract pharmacy, sometimes known as a Pharmacy Services Agreement ("PSA").

29.     Defendants admit that some contracts between covered entities and pharmacies require the covered entities to replenish drugs at full price if the contract pharmacy does not fill enough 340B eligible prescriptions during a certain period for that covered entity. Defendants deny the remaining allegations in Paragraph 29 on the grounds that "substantial," "implementation and administrative costs," "risks," and "replenishment model" are undefined, rendering those allegations vague as a matter of law.

30.     Defendants deny the allegations in Paragraph 30 on the grounds that "large volumes" and "steer" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

31.     Defendants deny the allegations in Paragraph 31 on the grounds that "typically" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

32.     Defendants deny the allegations in the first sentence of Paragraph 32 on the basis that "typically" is undefined, rendering those allegations vague as a matter of law. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 and on that basis deny them.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and on that basis deny them.

34.     Defendants admit that Walgreens is the "single largest contract pharmacy." Defendants refer to the referenced Pembroke Consulting analysis for its content and deny any characterization of it, and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 and on that basis deny them.

35.     Defendants deny the allegations in the first sentence in Paragraph 35 on the grounds that "must have," is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.  Defendants refer to the referenced Pembroke Consulting analysis for its content and deny any characterization of it, and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences in Paragraph 35 and on that basis deny them.

36.     Defendants deny the allegations in the first, second, third, and fourth sentences in Paragraph 36 on the grounds that "dominant," "markets," "sustainable competitive advantages," "leading role," "unmatched," "dominance," "very attractive," and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.  As to the fifth and sixth sentences in Paragraph 36, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.

37.     Defendants deny the allegations in the first sentence in Paragraph 37 on the grounds that "must have" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.  CVS denies the allegations in the second sentence in Paragraph 37. As to the third, fourth, seventh, and eighth sentences in Paragraph 37, Defendants refer to the referenced

statements for their content, to the extent they exist, and deny any characterization of them. Defendants deny the allegations in the fifth, sixth, ninth, and tenth sentences in Paragraph 37 on the grounds that "market growth," "retail pharmacy market," "competitive significance," and "retail clinic operator" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity, with the exception that Defendants admit that there more than more than 1,100 MinuteClinics across the country.

38.     Defendants deny the allegations in the first sentence in Paragraph 38 on the grounds that "dominant," "retail pharmacy markets," "substantial," and "barriers to entry" are undefined, rendering those allegations vague as a matter of law. As to the remaining allegations in Paragraph 38, Defendants refer to the referenced statement for its content, to the extent it exists, and deny any characterization of it.

39.     Defendants deny the allegations in the first and fourth sentences in Paragraph 39 on the grounds that "pillar," "dominance," and "steer" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity. As a purported summary of the business of Health Plans and PBMs, the allegations in the second sentence of Paragraph 39 are necessarily incomplete, and on that basis Defendants deny them. As to the third sentence, Defendants admit that CVS Caremark has roughly 90 million PBM plan members, but otherwise deny the allegations on the grounds that "PBM market" and how plaintiff measures market share are undefined rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or

falsity.   As to the fifth and sixth sentences in Paragraph 39, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.

40.    Defendants deny the allegations in the first sentence in Paragraph 40 on the grounds that "must have," "growing dominance," "specialty pharmaceuticals," "high cost," "rare," "uncommon," and "special" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.   As to the second, third, and fourth sentences in Paragraph 40, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.  Defendants deny the remaining allegations in Paragraph 40 on the grounds that "specialty pharmaceuticals" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

41.    Defendants deny the allegations in the first, second, third, and fifth sentences in Paragraph 41 on the grounds that "dominant," "substantial barriers to entry," "specialty pharmaceuticals," "specialty drugs," and "expensive" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.   As to the remaining allegations in Paragraph 41, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.

42.    Defendants deny the allegations in Paragraph 42 on the grounds that "barrier to entry," "position," "specialty pharmaceuticals," "influence," "force," "exclusive," "preferred arrangements," "disincentives," "penalties," "local markets," "must have," "significant percentage," and "substantial revenue loss" are undefined, rendering those allegations vague as a

matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

43.     Defendants deny the allegations in Paragraph 43 on the grounds that "must have," is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

44.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations. To the extent a response is required, Defendants deny the allegations in the first sentence in Paragraph 44 on the grounds that "covered lives" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity, except that Defendants admit that Caremark and Aetna have entered a vendor agreement under which Caremark provides certain PBM services to Aetna. Defendants deny the allegations in the second, third, and fifth sentences in Paragraph 44 on the grounds that "manages," "mail order and specialty pharmacies," "specialty," "preferred," "Aetna members," "specialty business," "runs through," and "effectively" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants deny the allegations. Defendants deny the allegations in the fourth sentence in Paragraph 44 on the grounds that "out of network" and "additional expenses" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants deny the allegations, except that Defendants admit that certain Aetna health insurance plans provide varying levels of reimbursement based on the pharmacy at which a prescription is filled. Defendants refer to the referenced statement in the sixth sentence

of Paragraph 44 for its content, to the extent it exists, and deny any characterization of it. Defendants deny the allegations in the seventh sentence in Paragraph 44 on the grounds that "must have" is undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

45.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to Blue Shield California members.   Defendants deny the remaining allegations in the in Paragraph 45 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

46.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS has contracted with CareFirst.   Defendants deny the remaining allegations in Paragraph 46 on the grounds that "specialty pharmacies" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity.

47.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to BlueCross BlueShield South Carolina members.  Defendants deny the remaining allegations in Paragraph 47 on the grounds that "specialty pharmacy" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

48.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to Harvard Pilgrim members, but deny that CVS is the "exclusive" specialty pharmacy for Harvard Pilgrim members. Defendants deny the remaining allegations in Paragraph 48 on the grounds that "specialty pharmacy" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

49.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required,

Defendants admit that CVS has contracted with Anthem BlueCross BlueShield in Indiana. Defendants deny the remaining allegations in the third sentence in Paragraph 49 on the grounds that "specialty pharmacies" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

50.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to HealthPartners members. Defendants deny the remaining allegations in Paragraph 50 on the grounds that "most," "specialty pharmaceuticals," and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

51.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to Wellmark Blue Cross Blue Shield members. Defendants deny the remaining allegations in Paragraph 51 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

13

52.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to the Sharp Health Plan of San Diego members.  Defendants deny the remaining allegations in Paragraph 52 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

53.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to CareSource members.  Defendants deny the remaining allegations in Paragraph 53 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

54.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to Florida Blue

members.  Defendants deny that CVS is "one of two preferred suppliers."  Defendants deny the remaining allegations in Paragraph 54 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

55.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to Blue Cross of Idaho members.  Defendants deny the remaining allegations in Paragraph 55 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

56.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to the Government Employees Health Association members.  Defendants deny the remaining allegations in Paragraph 56 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

57.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to MVP Healthcare members.   Defendants deny the remaining allegations in Paragraph 57 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

58.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to Physician's Health Plan of Michigan members.  Defendants deny the remaining allegations in Paragraph 58 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

59.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114.  To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations.   To the extent a response is required, Defendants admit that CVS is an available supplier of certain pharmaceuticals to BlueCross

16

BlueShield of Western New York ("BCBS WNY") members. Defendants deny CVS is the "exclusive" supplier of over 200 pharmaceuticals for BCBS WNY. Defendants deny the remaining allegations in Paragraph 59 on the grounds that "specialty pharmaceuticals" and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

60.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations. To the extent a response is required, Defendants deny the allegations in Paragraph 60 on the grounds that "preferred pharmacy," "specialty pharmacy," "many," "major," "regional insurance markets," and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

61.     Pursuant to the Court's April 3, 2019 Order, Plaintiff's antitrust claims are limited to 22 individual "CBSAs" identified in Paragraph 114. To the extent allegations directed at Plaintiff's antitrust claims relate to any other geographic localities, Defendants are not obligated to respond and on that basis deny those allegations. To the extent a response is required, Defendants deny the allegations in Paragraph 61 on the grounds that "specialty pharmaceuticals," "many," and "must have" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

62.     Defendants deny the allegations in the first sentence in Paragraph 62 on the grounds "Industry participants," "widely agree," and "specialty pharmaceuticals" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity. As to the remaining allegations in Paragraph 62, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.

63.     Defendants deny the allegations in the first sentence in Paragraph 63 on the grounds "influence," "dictate," "specialty pharmaceuticals," "substantial," and "market" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity. As to the remaining allegations in Paragraph 63, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.

64.     Defendants deny the allegations in the first and last sentence in Paragraph 64 on the grounds "must have" and "steer" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity. As to the remaining allegations in Paragraph 64, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis deny them.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 65 and on that basis deny them. As to the remaining allegations in Paragraph 65, Defendants refer to the referenced Human Resources & Services Administration Office of Pharmacy Affairs data, upon which the Paragraph 65 and Exhibit A are based, for its content and deny any characterization of it, and otherwise deny the

allegations.  Defendants deny that CVS has market power in any properly defined relevant antitrust market.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and on that basis deny them.

## 340B PROGRAM ADMINSTRATORS

67.     Defendants refer to the referenced law in the first sentence in Paragraph 67 for its content and deny any characterization of it.  Defendants admit that some covered entities hire administrators to provide services relating to the 340B program, including contracting with pharmacies, eligibility determinations, replenishment of drugs, technology support, and compliance.  Defendants admit that administrators may charge covered entities a fee for their services through various models.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67 and on that basis deny them.

68.     The first sentence of Paragraph 68 states a legal conclusion to which no response is required.  To the extent any response is required, Defendants deny the allegations in the first sentence of Paragraph 68.  Defendants deny the remaining allegations in Paragraph 68 on the grounds that "often," "different databases," "costly," "optimized," and "typically" are undefined, rendering those allegations vague as a matter of law, and that, to the extent not vague, Defendants lack knowledge or information sufficient to form a belief as to their truth or falsity.

69.     Defendants admit that Sentry purports to offer services or products called Sentinel™ and Sentrex®, and otherwise deny the allegations in Paragraph 69.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and on that basis deny them.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and on that basis deny them.

## SENTRY'S CONTRIBUTIONS TO CVS'S CONTRACT PHARMACY BUSINESS

72.    Defendants deny the allegations in Paragraph 72 on the ground that "growing dominance," "investments," "expertise," "proprietary knowledge," and "trade secrets" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.

73.    Defendants admit that CVS contracted with various customers of Sentry to provide 340B pharmacy services. Defendants deny the allegations in the second and third sentences of Paragraph 73 on the grounds that "typically" and "almost always" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 74 and on that basis deny them. The second sentence of Paragraph 74 states a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in the second sentence of Paragraph 74. As to the remaining allegations, Defendants admit that CVS and Sentry shared various documents and information with each other in the course of their business relationship. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and on that basis deny them.

75.    Defendants deny the allegations in the first sentence of Paragraph 75 on the basis that "operational procedures" is undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations. Defendants deny the allegations in the second sentence of Paragraph 75.

20

76.     Defendants deny the allegations in the first and second sentences of Paragraph 76 on the grounds that "proprietary software programs," "valuable features," "enhanced," "value," and "competitive advantage" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 76 and on that basis deny them.   Defendants deny the allegations in the fifth sentence of Paragraph 76 on the grounds that "valuable" and "proprietary features" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations, except that Defendants admit that CVS had access to Sentry's software in connection with CVS's provision of contract pharmacy services to certain covered entities.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and fifth sentences of Paragraph 77 and on that basis deny them. Defendants deny the allegations in the third and fourth sentences of Paragraph 77 on the grounds that "internal procedures," "best practices," "operational forms," "work and data flows," and "the overall internal structure" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations, except that Defendants admit that CVS and Sentry shared various documents and information with each other in the regular course of business.  Defendants deny the allegations in the sixth sentence of Paragraph 77; but admits that, since at least 2015, CVS has had a front-row seat to significant technical problems and delays associated with Sentry's products.

78.     Defendants admit that CVS contracted with various customers of Sentry. Defendants deny that the identity of any covered entity in the 340B program is confidential or

proprietary information.  Defendants refer to the referenced contracts for their content, to the extent they exist, and deny any characterization of them.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78 and on that basis deny them.

79.     Defendants refer to the referenced contracts for their content, to the extent they exist, and deny any characterization of them, and otherwise deny the allegations in Paragraph 79.

80.     Defendants refer to the referenced contract for its content and deny any characterization of it, and otherwise deny the allegations in Paragraph 80. The last sentence of Paragraph 80 states legal conclusions to which no response is required.

81.     Defendants refer to the referenced contract for its content and deny any characterization of it, and otherwise deny the allegations in Paragraph 81. The last sentence of Paragraph 81 states legal conclusions to which no response is required.

82.     Defendants deny that Sentry's 340B Backbone™ platform ever provided CVS with a single integration point for their 340B program needs or with the benefit of streamlining pharmacy chain operations, financial reconciliation and inventory processes across the entirety of the chain's 340B program.  Defendants admit that, since at least 2015, CVS has experienced significant technical problems and delays associated with Sentry's Backbone product. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 and on that basis deny them.

83.     Defendants refer to the referenced contract for its content and deny any characterization of it. Defendants admit that CVS worked with Sentry in good faith to perform CVS's obligations under the contract, and that CVS and Sentry shared various documents and information with each other in the course of the business relationship.  Defendants otherwise lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and on that basis deny them.

84.     Defendants refer to the referenced contract for its content and deny any characterization of it.

## SENTRY'S RELATIONSHIP WITH WELLPARTNER

85.     Defendants admit the allegations in Paragraph 85.

86.     Defendants deny the allegations in the first sentence of Paragraph 86 on the grounds that "confidential information," "information," and "proprietary configurations and data specifications" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.

87.     Defendants deny the allegations in the first sentence of Paragraph 87 on the grounds that "proprietary configurations and data specifications" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.   With respect to the first and second sentences of Paragraph 87, Defendants refer to the referenced contract for its content and deny any characterization of it. The last sentence of Paragraph 87 states legal conclusions to which no response is required.

88.     With respect to the first and third sentences of Paragraph 88, Defendants refer to the referenced contract for its content and deny any characterization of it.  Defendants deny the allegations in the second sentence of Paragraph 88 on the grounds that "extensive" and "proprietary products and systems" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.

## DEFENDANTS' ANTICOMPETITIVE, TORTIOUS, AND UNFAIR CONDUCT

89.     Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them.

90.     Defendants deny the first two sentences in Paragraph 90. As to the third and fifth sentences in Paragraph 90, Defendants refer to the referenced statements for their content, to the extent they exist, and deny any characterization of them. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 and on that basis deny them.

91.     Defendants admit that CVS and Wellpartner employees reached out to contacts at individual covered entities with which CVS already had a contract pharmacy relationship (or was negotiating a Pharmacy Services Agreement) to discuss the Integrated 340B Solution. Defendants otherwise deny the remaining allegations in Paragraph 91.

92.     Defendants admit that CVS and Wellpartner employees reached out to contacts at individual covered entities with which CVS already had a contract pharmacy relationship (or was negotiating a Pharmacy Services Agreement) to discuss the Integrated 340B Solution, and otherwise deny the allegations in the first sentence of Paragraph 92. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 92 and on that basis deny them.

93.     Defendants deny the allegations in the first sentence in Paragraph 93. With respect to the second sentence in Paragraph 93, Defendants refer to the referenced December 20, 2017 communication for its content and deny any characterization of it. Defendants admit that CVS and Wellpartner employees reached out to contacts at individual covered entities with which CVS already had a contract pharmacy relationship (or was negotiating a Pharmacy Services Agreement)

24

to discuss the Integrated 340B Solution, and otherwise deny the allegations in the third sentence of Paragraph 93. Defendants deny the allegations in the fourth and fifth sentences of Paragraph 93.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and on that basis deny them. To the extent the allegations in Paragraph 94 rely on written communications or statements, Defendants refer to the referenced communications or statements for their content, to the extent they exist, and deny any characterization of them.

95.     Defendants refer to the referenced communications or statements for their content, to the extent they exist, and deny any characterization of them.

96.     Defendants deny the allegations in the first and second sentence of Paragraph 96 on the grounds that "steer," "meaningfully influence," "resisted," and "mandate" are undefined, rendering those allegations vague as a matter of law. Defendants deny the allegations in the last sentence of Paragraph 96.

97.     Denied.

98.     Defendants refer to the referenced communications or statements for their content, to the extent they exist, and deny any characterization of them. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and on that basis deny them.

99.     Defendants deny the first sentence of Paragraph 99 on the basis that "typically," "time consuming," and "complicated" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations. Defendants refer to the

referenced communications in the second sentence of Paragraph 99 for their content, to the extent they exist, and deny any characterization of them.

100.    Denied.

101.    Defendants admit that during the term of the 340B Platform Agreement Sentry caused significant technical problems and delays associated with its Backbone product, which Sentry attempted to, but could not, solve. These problems included, among others, discrepancies in data and software glitches that made it difficult and unwieldy to realize the services the Backbone product was supposed to provide.    Defendants otherwise deny the allegations in Paragraph 101.

102.    Denied.

103.    Denied.

## FIRST CLAIM FOR RELIEF: UNLAWFUL TYING (15 U.S.C. § 1)

104.    Defendants incorporate by reference their responses to the Amended Complaint paragraphs referenced in Paragraph 1 through 103 and adopt the same as though fully set forth herein.

105.    The first sentence of Paragraph 105 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in the first sentence of Paragraph 105. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 105 and on that basis deny them.

106.    Denied.

107.    Paragraph 107 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 107.

108.    Paragraph 108 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in the first, second, third, and sixth sentences in Paragraph 109. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences in Paragraph 109 and on that basis deny them. Defendants deny the allegations in the seventh sentence in Paragraph 109 on the grounds that "many" is undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.

110.    Paragraph 110 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 are directed toward Plaintiff's allegations that CVS has market power in a "national" market, which no longer form part of Plaintiff's Antitrust claims pursuant to the Court's April 3, 2019 Order, and therefore no response is required.  In particular, the Court held, "Plaintiff's reliance on Exhibit A does not lead to the plausible inference that CVS possesses the requisite market share specifically in a national 340B contract pharmacy services market." ECF No. 175 at 12. Paragraph 111 also states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 are directed toward Plaintiff's allegations that CVS has market power in a "national" market, which were dismissed pursuant to the Court's April 3, 2019 Order, and therefore no response is required. Paragraph 112 also states legal conclusions to which no response is required.  To the extent any response is required, the allegations in Paragraph 112 are denied.

113.    Paragraph 113 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 113.

114.    Paragraph 114 states legal conclusions to which no response is required.  To the extent any response is required, Defendants refer to the referenced HRSA database for its content and deny any characterization of it, and Defendants otherwise deny the allegations in Paragraph 114.

115.    Paragraph 115 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 115.

116.    Paragraph 116 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 116.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and on that basis deny them.

118.    Paragraph 118 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 118.

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in the first and second sentences in Paragraph 120. As to the third, fourth, fifth, sixth, and seventh sentences in Paragraph 120, Defendants refer to the referenced communications for their content, to the extent they exist, and deny any characterization of them.  Defendants deny the allegations in the eighth and ninth sentences in Paragraph 120.

121.    As to the second, third, fourth, fifth, and sixth sentences in Paragraph 121, Defendants refer to the referenced communications for their content, to the extent they exist, and deny any characterization of them.  Defendants deny the remaining allegations in Paragraph 121.

## THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

122.    Defendants incorporate by reference their responses to the Amended Complaint paragraphs referenced in Paragraph 1 through 103 and adopt the same as though fully set forth herein.

123.    Defendants refer to the referenced contract for its content, to the extent it exists, and deny any characterization of it.

124.    Defendants refer to the referenced contract for its content, to the extent it exists, and deny any characterization of it.

125.    Defendants refer to the referenced contract for its content, to the extent it exists, and deny any characterization of it.

126.    Defendants refer to the referenced contract for its content, to the extent it exists, and deny any characterization of it.

127.    Paragraph 127 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 127.

128.    Paragraph 128 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 128.

129.    Paragraph 129 states legal conclusions to which no response is required. To the extent any response is required, Defendants refer to the referenced contracts for their content, to the extent they exist, and deny any characterization of them, and otherwise deny the allegations in Paragraph 129.

130.    Paragraph 130 states legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 130.

131.    Paragraph 131 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 131.

132.    Paragraph 132 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 132.

133.    Paragraph 133 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 133.

**FOURTH CLAIM FOR RELIEF: TORTIOUS INTERFERENCE WITH CONTRACT**

134.    Defendants incorporate by reference their responses to the Amended Complaint paragraphs referenced in Paragraph 1 through 121 and adopt the same as though fully set forth herein.

135.    Paragraph 135 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 135.

136.    Defendants refer to the referenced contracts for their content, to the extent they exist, and deny any characterization of them.

137.    Defendants deny the allegations in Paragraph 137 on the grounds that "these contracts" and the relevant timeframe are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Defendants deny the allegations.

138.    The first sentence of Paragraph 138 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in the first sentence of Paragraph 138. Defendants admit that CVS and Wellpartner employees reached out to contacts at individual covered entities with which CVS already had a contract pharmacy relationship (or was negotiating a Pharmacy Services Agreement) to discuss the Integrated 340B Solution, and otherwise deny the allegations in the second sentence of Paragraph 138. Defendants

lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 138 and on that basis deny them.

139.    Paragraph 139 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 139.

### FIFTH CLAIM FOR RELIEF: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

140.    Defendants incorporate by reference their responses to the Amended Complaint paragraphs referenced in Paragraph 1 through 121 and adopt the same as though fully set forth herein.

141.    The first sentence of Paragraph 141 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in the first and third sentences of Paragraph 142. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and fourth sentences of Paragraph 142 and on that basis deny them.

143.    Paragraph 143 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 143.

144.    Denied.

145.    Paragraph 145 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 145.

146.    Paragraph 146 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 146.

## SIXTH CLAIM FOR RELIEF: MISAPPROPRIATION OF TRADE SECRETS
### (18 U.S.C § 1836)

147.     Defendants  incorporate  by reference  their  responses  to the  Amended  Complaint
paragraphs  referenced  in Paragraph 1 through  121 and adopt  the  same  as though  fully  set forth
herein.

148.     The  first  and second  sentences  in Paragraph  148 state  legal  conclusions  to which
no response  is required.  To the extent  any response  is required,  Defendants  deny the  allegations
in the first  and second  sentences  in Paragraph  148.  The  remaining  allegations  in Paragraph  148
consist  of Plaintiff's  characterization  of their  previous  allegations,  to which  no  response  is
required.   To the extent  any  response  is required,  Defendants  incorporate  by reference  their
responses  to the Amended  Complaint  paragraphs  referenced  in Paragraph  1 through  121 and adopt
the  same  as though  fully  set forth  herein,  and  otherwise  deny  the remaining  allegations  in
Paragraph  148.

149.     Defendants  lack knowledge  or information  sufficient  to form a belief  as to the truth
or falsity  of the allegations  in Paragraph  149 and on that basis deny them.

150.     Paragraph  150 states  legal  conclusions  to which  no response  is required.   To the
extent  any response  is required,  Defendants  deny the allegations  in Paragraph  150.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Defendants  lack knowledge  or information  sufficient  to form a belief  as to the truth
or falsity  of the allegations  in Paragraph  154 and on that basis deny them.

155.     Paragraph  155 states  legal  conclusions  to which  no  response  is required.   To the
extent  any response  is required,  Defendants  deny the allegations  in Paragraph  155.

## SEVENTH CLAIM FOR RELIEF: MISAPPROPRIATION OF TRADE SECRETS
### (FLA. STAT. § 688.002)

156.     Defendants incorporate by reference their responses to the Amended Complaint paragraphs referenced in Paragraph 1 through 121 and adopt the same as though fully set forth herein.

157.     The first and second sentences in Paragraph 157 state legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in the first and second sentences in Paragraph 157.  The remaining allegations in Paragraph 157 consist of Plaintiff's characterization of their previous allegations, to which no response is required.  To the extent any response is required, Defendants incorporate by reference their responses to the Amended Complaint paragraphs referenced in Paragraph 1 through 121 and adopt the same as though fully set forth herein, and otherwise deny the remaining allegations in Paragraph 157.

158.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 and on that basis deny them.

159.     Paragraph 159 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 159.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 and on that basis deny them.

164.     Paragraph 164 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 164.

## PRAYER FOR RELIEF

165.    Paragraph 165 states Plaintiff's requests for relief to which no response is required. To the extent any response is required, Defendants deny that Plaintiff is entitled to any of the relief listed in Paragraph 165.

## AFFIRMATIVE DEFENSES

166.    Defendants assert the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c). Defendants undertake the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Further, Defendants reserve the right to amend their Answer if additional affirmative defenses become apparent through the course of this action, and Defendants reserve the right to assert any and all defenses as to which they do not bear the burden of proof. Finally, Defendants incorporate paragraphs 1 through 165 of the Answer as if set forth fully in each affirmative defense herein.

## FIRST AFFIRMATIVE DEFENSE

167.    Sentry's claims are barred, in whole or in part, because Sentry's provision of 340B platform services was a condition precedent to CVS's obligations under the 340B Platform Agreement (attached as Exhibit C to the Sept. 9, 2018 Amended Complaint). Sentry failed to provide the 340B platform services required by the 340B Platform Agreement and unilaterally terminated the contract in February 2018. Sentry's material breaches of the 340B Platform Agreement preclude Sentry from recovering under the contract.

## SECOND AFFIRMATIVE DEFENSE

168.    Sentry's claims are barred, in whole or in part, because Sentry's provision of a technology platform to facilitate transmission of 340B Data was a condition precedent to Wellpartner's obligations under the 340B Backbone Agreement (attached as Exhibit D to the Sept.

9, 2018 Amended Complaint). Sentry failed to provide the technology platform required by the 340B Backbone Agreement. This failure constitutes a material breach of the 340B Backbone Agreement and precludes Sentry from recovering under the contract.

### THIRD AFFIRMATIVE DEFENSE

169. Sentry's claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*. Defendants deny that any CVS policy of exclusivity with respect to Wellpartner is or could be unlawful. But even if Sentry were correct that such a policy could violate the law, Sentry would be barred from obtaining the relief it seeks, at law and in equity, by Sentry's participation in that same purported wrongdoing. Specifically, Sentry manipulated its relationship with CVS and covered entities to obtain exclusivity in its provision of third-party administrative services as to a significant number of CVS retail pharmacies, and Sentry exploited such exclusivity to its own pecuniary advantage.

### FOURTH AFFIRMATIVE DEFENSE

170. Sentry's claims are barred, in whole or in part, because Sentry failed to mitigate any alleged damages. To the extent Defendants' conduct has caused Sentry any damage, Sentry has failed to take commercially reasonable steps to mitigate the alleged damages, including without limitation, upon information and belief, by failing to acquire new covered entity business to replace the business Sentry lost, if any, purportedly as a result of the conduct alleged in Sentry's complaint.

### FIFTH AFFIRMATIVE DEFENSE

171. Sentry's claims are barred, in whole or in part, by the doctrines of economic privilege and competition. Upon information and belief, Sentry entered into contracts with covered entities for the primary purpose of assisting covered entities to realize 340B program

revenues at contract pharmacies such as CVS. Upon information and belief, the execution of a contract between a covered entity and a contract pharmacy is a condition precedent to the parties' obligations under covered entities' contracts with Sentry. To the extent that Sentry's claims arise from CVS's actions regarding its relationship with covered entities—including but not limited to its acquisition of Wellpartner and its offering of the Integrated 340B Solution—CVS did so to protect its own financial and business interests under its contracts with covered entities.

## SIXTH AFFIRMATIVE DEFENSE

172.    Sentry's claims are barred, in whole or in part, by the doctrine of anticipatory repudiation of its contracts with Defendants. To the extent a Defendant did not perform under a contract with Sentry, it did so only after Sentry demonstrated an inability to perform the services required by the 340B Platform Agreement and the 340B Backbone Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

173.    Sentry's claims are barred, in whole or in part, because any award of treble damages or punitive or exemplary damages against Defendants based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States and Section Nine of the Constitution of the State of Florida.

## EIGHTH AFFIRMATIVE DEFENSE

174.    Sentry's claims are barred, in whole or in part, by the doctrine of set-off or equitable recoupment. To the extent Sentry has received benefits from Defendants or any other parties under the 340B Platform Agreement, the 340B Backbone Agreement, or contracts between Sentry and covered entities, any such benefits should be counted as a set-off against any recovery Sentry receives in this action.

## NINTH AFFIRMATIVE DEFENSE

175.    Sentry's claims are barred, in whole or in part, by the doctrine of election of remedies to the extent that Sentry pursues one of two or more co-existing inconsistent remedies, and in reliance on that election, Sentry gains an advantage or Defendants suffer a detriment.

## TENTH AFFIRMATIVE DEFENSE

176.    Sentry's claims are barred, in whole or in part, to the extent Sentry seeks equitable relief against Defendants because Sentry has an adequate remedy at law.

## ADDITIONAL DEFENSES

177.    Defendants reserve the right to assert all applicable defenses, counterclaims and/or cross-claims, and/or amend this Answer, once the precise nature of the relevant circumstances or events is determined through discovery.

## COUNTERCLAIM

178.    CVS incorporates paragraphs 1 through 177 as if set forth fully herein.

179.    Counterclaim-Plaintiff CVS brings this breach of contract claim against Counterclaim-Defendant Sentry, demanding a trial by jury.

## THE PARTIES

180.    Defendant/Counterclaim-Plaintiff CVS is incorporated under the laws of Rhode Island.  CVS maintains its principal place of business at One CVS Drive, Woonsocket, Rhode Island, 02895.

181.    Upon information and belief, Plaintiff/Counterclaim-Defendant Sentry is incorporated under the laws of Florida.  Upon information and belief, Sentry maintains its principal place of business at 800 Fairway Drive, Suite 400, Deerfield Beach, Florida, 33441.

## JURISDICTION AND VENUE

182.    This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1332, 1367.

183.    Upon information and belief, this Court has personal jurisdiction over Sentry because it resides in this District.

184.    Upon information and belief, venue is proper because Sentry resides in this District.

## FACTS

185.    In or about July 2014, CVS entered into a 340B Platform Agreement ("340B Platform Agreement," attached as Exhibit C to the Sept. 9, 2018 Amended Complaint) with Sentry.

186.    The 340B Platform Agreement gave Sentry exclusive rights to provide certain services with respect to CVS's contract pharmacy agreements with covered entities. 340B Platform Agreement ¶ 1.

187.    In exchange for exclusivity and other good and valuable consideration, Sentry agreed to provide 340B platform services to CVS. These services were to include, *inter alia*, 340B data processing and transmission, as well as 340B inventory management. *Id.* ¶ 3.1.

188.    At all relevant times, CVS performed its obligations under the 340B Platform Agreement.

189.    Upon information and belief, Sentry marketed itself based upon, and otherwise benefitted from, its relationship with CVS.

190.    For example, covered entities approached CVS about entering into contract pharmacy agreements, and CVS often directed customers to Sentry for third-party administrative services.

191.    Although Sentry reaped the benefit of its contractual relationship with CVS, it failed to provide the services required under the 340B Platform Agreement.

192.    For example, Sentry failed to process and transmit 340B data in an accurate and timely manner. Sentry's failure to accurately and timely process and transmit data delayed CVS's ability to perform contract pharmacy services for covered entities for as long as one year. These delays were caused solely by Sentry's failure to provide the 340B platform services required by the 340B Platform Agreement and caused CVS substantial injury including, without limitation, lost profits arising from foregone dispensing fees and loss of goodwill.

193.    Sentry also failed to provide 340B inventory management as contemplated by the 340B Platform Agreement. Sentry erroneously caused both inventory shortage and surplus, resulting in injury to CVS including, without limitation, additional inventory management costs.

194.    Sentry's failure to provide the services specified in the 340B Platform Agreement constitutes a material breach of the 340B Platform Agreement.

195.    On or about February 5, 2018, Sentry unilaterally terminated the 340B Platform Agreement without cause, and in doing so again breached its contractual obligations.

196.    CVS has been and continues to be damaged by Sentry's breach of the 340B Platform Agreement in an amount to be proved at trial.

## JURY TRIAL DEMAND

197.    Defendants and Counterclaim-Plaintiff CVS hereby demand that this matter be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants respectfully request a Judgment:

a.      Denying all relief requested by Sentry;

b.      Declaring Sentry in breach of its obligation under the 340B Platform Agreement;

c.      Granting CVS damages in an amount to be proved at trial, including

interest, to compensate CVS for Sentry's breach of the 340B Platform

Agreement; and

d.      Granting such other relief, available at law or equity, as may be just and

proper.

Dated: April 15, 2019                    By:    /s/ Gail Ann McQuilkin

Harley Shepard Tropin
Gail Ann McQuilkin
KOZYAK TROPIN & THROCKMORTON
2525 Ponce de Leon Boulevard
Suite 900
Coral Gables, FL 33134
hst@kttlaw.com
gam@kttlaw.com

Enu A. Mainigi (*Pro Hac Vice*)
Jonathan B. Pitt (*Pro Hac Vice*)
Katherine A. Trefz (*Pro Hac Vice*)
Andrew C. Watts (*Pro Hac Vice*)
Tom W. Ryan (*Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
emainigi@wc.com
jpitt@wc.com
ktrefz@wc.com
awatts@wc.com
tryan@wc.com

Michael G. Cowie (*Pro Hac Vice*)
Konstantin Medvedovsky (*Pro Hac Vice Pending*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
mike.cowie@dechert.com
konstantin.medvedovsky@dechert.com

*Counsel for Defendants.*

40

<u>**CERTIFICATE  OF SERVICE**</u>

I hereby certify that on this April 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


By:  /s/ *Gail Ann McQuilkin*